1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

GARY D. EASLEY,                                    )        No. C 09-5755 LHK (PR)
                                                   )
12              Plaintiff,                          )        ORDER RE-OPENING CASE;
                                                   )        ORDER OF SERVICE; DIRECTING
13       v.                                         )        DEFENDANTS TO FILE
                                                   )        DISPOSITIVE MOTION OR
14  COUNTY OF SAN BENITO, SAN                       )        NOTICE REGARDING SUCH
    BENITO SHERIFF'S DEPARTMENT,                    )        MOTION
15  RAMON MENDOZA, DEPUTY                           )
    JUREVICH, and CURTIS J. HILL,                   )
16                                                  )
                Defendants.                         )
17  _____)

18          Plaintiff, formerly housed at the San Jose Jail and proceeding *pro se*, filed a civil rights

19  complaint pursuant to 42 U.S.C. § 1983 alleging that various San Benito County officials

20  violated his constitutional rights.  Plaintiff alleges that on December 11, 2008, Defendants

21  engaged in the false arrest of Plaintiff and illegally searched his car, resulting in a variety of civil

22  rights violations.  On August 30, 2010, the Court stayed these proceedings because it appeared

23  that criminal proceedings had not yet completed.  However, on October 19, 2010, Plaintiff

24  notified the Court[1] that his underlying state case was dismissed on September 21, 2010 and

25

26          [1]  Plaintiff inadvertently labeled this notice under Case No. 09-5874 LHK, a civil rights
    suit which he initiated around the same time as the instant case.  Accordingly, the Court directs
27  the Clerk to remove Plaintiff's notice from the docket in Case No. 09-5874, and file it in Case
    No. 09-5755 LHK.
28

Order Re-Opening Case; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.LHK\CR.09\Easley755reo.srv.wpd

1  requested the Court lift the stay.  Accordingly, the Court lifts the stay, re-opens this action, and
2  screens Plaintiff's complaint.

3                                            **DISCUSSION**

4  A.   Standard of Review

5          A federal court must conduct a preliminary screening in any case in which a prisoner
6  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*
7  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss
8  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
9  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.
10 § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*
11 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

12         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
13 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
14 the alleged violation was committed by a person acting under the color of state law.  *See West v.*
15 *Atkins*, 487 U.S. 42, 48 (1988).

16 B.   Analysis

17         In his complaint, Plaintiff alleges that on December 11, 2008, Defendant Deputy Ramon
18 Mendoza arrested him for an outstanding out-of-county warrant.  Plaintiff alleges that Mendoza
19 unlawfully arrested him and made him the victim of a police conspiracy.  Plaintiff also claims
20 that Mendoza and Deputy Jurevich unlawfully searched his car, over Plaintiff's objection, and
21 then illegally seized and impounded it.  Plaintiff further alleges that Mondoza and Jurevich,
22 along with the County of San Benito and the Sheriff's Department, created a false police report
23 that was based on untruths to institute criminal proceedings against Plaintiff.  Plaintiff further
24 alleges that supervisory defendants knew about and acquiesced in Mendoza and Jurevich's
25 actions, and that they negligently supervised, trained, and hired police employees.

26         Accordingly, liberally construed, Plaintiff raises cognizable federal and state claims
27 against named Defendants.

28

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.     The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 16), all attachments thereto, and copies of this order on COUNTY OF SAN BENITO, SAN BENITO SHERIFF'S DEPARTMENT ("SBSD"), DEPUTY RAMON MENDOZA at SBSD, DEPUTY JUREVICH at SBSD, AND SUPERVISING SHERIFF CURTIS J. HILL at SBSD.  The Clerk shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

2.     No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

a.     If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

3.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

a.     In the event Defendants file an unenumerated motion to dismiss under

Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.      In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendants' counsel.

7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some or all of the discovery Plaintiff might seek.</u>  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied.

8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a

1  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

2  pursuant to Federal Rule of Civil Procedure 41(b).

3          IT IS SO ORDERED.

4  DATED:   11/24/2010                    _____

5                                          LUCY H. KOH
                                           United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Re-Opening Case; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.LHK\CR.09\Easley755reo.srv.wpd          6